**NOT FOR PUBLICATION**

APR 14 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10402 |
| Plaintiff-Appellee, | DC No. CR 12-0056 AWI |
| v. | |
| RICKY DAVIS, AKA Rick Dog, AKA Ricky Loks, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before:    TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,**
District Judge.

Ricky Davis appeals his convictions and sentence for sexual exploitation and

attempted sex trafficking of a minor.  We have jurisdiction pursuant to 28 U.S.C. §

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

1291. In this disposition we affirm Davis' conviction for sexual exploitation of a minor under 18 U.S.C. § 2251(a), reject his insufficiency of the evidence challenge to his conviction for attempted sex trafficking under 18 U.S.C. §§ 1591(a), 1594, and remand.[1]

1.  At the close of the government's case-in-chief, Davis unsuccessfully moved for acquittal of Count 2, *see* Fed. R. Crim. P. 29. Davis challenges the district court's denial of his Rule 29 motion on the ground that the government failed sufficiently to prove each of § 1591(a)'s elements. This argument is unpersuasive.

We review de novo the denial of a motion for acquittal under Rule 29. *See United States v. Somsamouth*, 352 F.3d 1271, 1274 (9th Cir. 2003). In doing so, we "review the evidence presented against the defendant in the light most favorable to the government" in order to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1274–75 (emphasis added) (citations and internal quotation marks omitted).

---

[1]  In a concurrently filed opinion, we reverse Davis' conviction for attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a), 1594, and remand for further proceedings. We do not reach Davis' arguments challenging his now-vacated sentence. The facts are sufficiently set forth in our opinion and we do not repeat them here.

Here, the evidence presented at trial, when viewed in the light most favorable to the government, established that:

- prior to September 17, 2011, Davis and Bianca had sex in an apartment into which they had to sneak "because," according to Bianca, "[she] look[ed] too young";

- Bianca initially requested a "Hello Kitty" tattoo;

- on the night of September 17, 2011, Bianca told Davis she was "about 16 or 17" years old;

- Davis instructed Bianca on "a way to get money" by going on dates;

- Davis encouraged Bianca to get naked for the photographs because "it would be sexier for the guys";

- Davis made clear he intended to post these photographs on the Redbook website;

- after taking the photographs, Davis and Bianca had sex;

- Davis facilitated Bianca's Redbook dates by first having potential customers text him and only then providing the customer with Bianca's phone number; and

- Davis actually did facilitate a connection between Bianca and at least one individual with whom Bianca subsequently had sex in exchange for money.

Based on this evidence, a rational trier of fact could conclude that the government carried its burden with respect to each of § 1591(a)'s essential elements, including

3

the provision's *mens rea* and *actus reus* requirements.  Accordingly, Davis' sufficiency of the evidence challenge fails.

**2.** Davis' challenge to his conviction under § 2251(a) is precluded by our precedent, *United States v. U.S. Dist. Court for Cent. Dist. of Cal.*, 858 F.2d 534 (9th Cir. 1988).  There, we expressly rejected the argument that § 2251(a) "should be interpreted to require the government to prove scienter as to age in its prima facie case."  *Id.* at 536; *see also id.* at 537–38.  And we went on to hold that "[t]he defendant's awareness of the subject's minority is not an element of the offense." *Id*. at 538.

Davis argues that the Supreme Court's subsequent decision in *Eloni v. United* States, 135 S.Ct. 2001 (2015),  requires the government to prove, at a minimum, that he acted recklessly or negligently with respect to Bianca's minority status.  *Elonis*, however, does not stand for this proposition.  Rather, it affirmed the continued soundness of *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), and concluded that, with respect to the federal threats statute, a defendant must know that the transmitted communication contains a threat.  *See Elonis*, 135 S.Ct. at 2011.  Accordingly, we reject this challenge to Davis' conviction for sexual exploitation of a minor in violation of § 2251(a).

· ● ·

4

For the reasons set forth herein and in our concurrently filed opinion, we affirm Davis' conviction under § 2251, but reverse his conviction under § 1591(a), not for insufficiency of the evidence, but because the indictment on this count was constructively amended, and remand to the district court for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**